SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

Thomas M. EGAN, et al., Defendants.

No. 92 C 3480.

United States District Court,
N.D. Illinois, E.D.

May 5, 1993.

Order Supplementing Opinion,
May 18, 1993.

Mary H. Weiss, Joy M. Boddie, Bruce M. Lewitas, S.E.C., Chicago, IL, for plaintiff.

Stephen B. Diamond, William Henry London, Beeler, Schad & Diamond, P.C., Chicago, IL, for defendant Thomas M. Egan.

Peter B. Shaeffer, Andrew Theodore Staes, Jeffrey Neal Cole, James A. Murphy, Cole & Staes, Ltd., Chicago, IL, for defendant Salvatore C. Russo.

Kenneth Frederick Berg, Fishman & Merrick, P.C., Chicago, IL, for defendant Phillip C. Zarcone.

Thomas F. Kolter, Fort Myers Beach, FL, pro se.

James Arthur McGurk, Bell & McGurk, Ltd., Edward T. Joyce, James X. Bormes, Kubasiak, Cremieux & Flystra, Arthur W. Hahn, Lee Ann Watson, Ronald Steven Betman, Katten, Muchin & Zavis, Alan S. Farnell, Huff & Gaines, Robert C. Samko, Robert C. Samko, P.C., Chicago, IL, for defendant Stotler and Co.

Stephen B. Diamond, William Henry London, Chicago, IL, for defendant M. Eugene Bogner.

James X. Bormes, Eric Kevin Wein, Kubasiak, Cremieux & Flystra, Chicago, IL, for defendant Robert W. Stotler.

Vincent Ciaglia, Lake Park, FL, pro se.

Susan J. Irion, Jonathan A. Backman, Marshall E. Hanbury, Mayer, Brown & Platt, Chicago, IL, for defendant Karsten Mahlmann, "Cash," a debtor in bankruptcy.

David Michael Levin, Walter Emerson Trittipo, Hough & Cook, Lawrence X. Pusateri, Peter J. Strand, Peterson & Ross, John Warren Hough, Hough and Cook, Chicago, IL, Robert A. Seidel, Lake Forest, IL, for defendant Howard A. Stotler.

John Chadonic, New York, NY, pro se.

James Arthur McGurk, Chicago, IL, for defendant Steven A. Elkow.

Arthur W. Hahn, Lee Ann Watson, Ronald Steven Betman, Chicago, IL, for defendant Robert Ferber.

Arthur W. Hahn, Lee Ann Watson, Ronald Steven Betman, Chicago, IL, for defendant Morris Fox.

James Arthur McGurk, Chicago, IL, for defendant Edwin Hansen.

James Arthur McGurk, Chicago, IL, for defendant Michael Harris.

Steven Joseph Rotunno, Seth C. Colby, Sedgwick, Detert, Moran & Arnold, Chicago, IL, for defendant Michael M. Kelly.

Robert C. Samko, Chicago, IL, for defendant James W. Mulka.

Michael John Regier, Northern Trust Co., Chicago, IL, Randall S. Rapp, Dean M. Jeske, Stephen M. Slavin, Foley & Lardner,

Chicago, IL, for defendant Northern Investment Corporation, a Delaware Corporation.

James Arthur McGurk, Chicago, IL, Edwin E. Mortell, Kankakee, IL, for defendant Brian Osgood, Executor of the Estate of Wilbur Payne, deceased.

James Arthur McGurk, Arthur W. Hahn, Chicago, IL, for defendant Terry Roggensack, and Executors of the Estate of Kenneth W. Stotler, deceased.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

On February 5, 1993 this Court had occasion to deal with a motion to intervene in another enforcement action brought by Securities and Exchange Commission ("SEC") against asserted violators of the federal securities law (*Sec. v. Wozniak*, No. 92 C 4691, 1993 WL 34702, 1993 U.S.Dist. LEXIS 1241 (N.D.Ill. Feb. 5)). This Court there rejected that attempted intervention by a victim of the same major fraudulent scheme that had triggered SEC's action in *Wozniak*, explaining:

> As SEC points out in opposing Manzo's motion, he is blocked from entering this lawsuit by an impenetrable wall, Securities Exchange Act of 1934 ("1934 Act") § 21(g), 15 U.S.C. § 78u(g):
>
> > Notwithstanding the provisions of section 1407(a) of Title 28, United States Code, or any other provision of law, no action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the Commission, even though such other actions may involve common questions of fact, unless such consolidation is consented to by the Commission.
>
> That unambiguous provision's plain meaning has been confirmed by the Supreme Court (albeit in passing) in *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 332 n. 17, 99 S.Ct. 645, 652 n. 17, 58 L.Ed.2d 552 (1979) and elaborated on by Justice Blackmun (concurring in part and dissenting in part) in *Aaron v. SEC*, 446 U.S. 680, 717 n. 9, 100 S.Ct. 1945, 1966 n. 9, 64 L.Ed.2d 611 (1980).
>
> Only SEC's consent can open a door in that wall to permit a private party such as Manzo to have access to this federal court in this lawsuit. Here SEC has refused to do so for good and sufficient reasons (SEC Mem. 3), though under the law it owes this Court no explanation for any exercise of SEC's unfettered veto power. Because of the strictures of 1934 Act § 21(g), Manzo's motion is denied in its entirety.

This action, brought by SEC against a number of defendants, now poses the selfsame legal problem in a somewhat different context. Robert Stotler and James Mulka (characterized in earlier opinions of this Court as "Nonsettling Relief Defendants") want to amend their answer to add a third-party complaint under Fed.R.Civ.P. ("Rule") 14(a). But the only predicate that counsel for the Nonsettling Relief Defendants has advanced for escaping the absolute prohibition of 1934 Act § 21(g) is that SEC is seeking more than equitable relief in this case. And that position is based on the notion that somehow SEC's effort to obtain disgorgement from Nonsettling Relief Defendants—individuals who are not themselves said to have violated the securities laws, but are rather targeted because they received the benefits of such violations from codefendants who are charged with such active law-violative conduct—somehow involves more than equitable relief.

But disgorgement is an inherently equitable remedy. As if on order, serendipity has produced an April 1993 opinion from the Third Circuit that has reconfirmed that long-established principle (*CFTC v. American Metals Exchange Corp.*, 991 F.2d 71 (3d Cir. 1993)). After several express references to disgorgement as "equitable relief" and as "an equitable remedy" (*id.* at 77–78), the court went on to draw support for its use in Commodity Exchange Act cases from the established usage in SEC cases such as this (*id.* at 76 n. 9):

> Before its use in the Commodity Exchange Act context, disgorgement was used as an equitable remedy in injunctive actions brought under the Securities Exchange Act. Section 27 of the Securities Exchange Act grants the courts equitable powers to enforce that Act. Though the Commodity Exchange Act has no provision similar to section 27, courts have found support for disgorgement in CFTC actions by relying on the general equity power of the federal courts.

And the presence of unjust enrichment is of course a classic rubric under which such equitable relief is obtainable.

SEC has expressly refused to consent to the proposed third-party complaint on the ground that it "would complicate the issues, delay this nearly-settled action and significantly interfere with the Commission's enforcement responsibilities" (SEC Mem. 7). Absent such consent, 1934 Act § 21(g) precludes the granting of Nonsettling Relief Defendants' motion under Rule 14(a). It is denied.

### SUPPLEMENT TO MEMORANDUM OPINION AND ORDER

This Court's May 5, 1993 memorandum opinion and order (the "Opinion") denied leave to file the third-party complaint sought to be filed by Robert Stotler and James Mulka ("Nonsettling Relief Defendants") in this action. That refusal was based on the absolute prohibition imposed by Section 21(g) of the Securities Exchange Act of 1934 ("1934 Act"), 15 U.S.C. § 78u(g). Nonsettling Relief Defendants had contended that the relief sought by Securities and Exchange Commission was not solely "for equitable relief" within the meaning of 1934 Act § 21(g), and the Opinion had rejected that contention because this Court held that disgorgement is an inherently equitable remedy. This supplement to the Opinion is issued to confirm that still another Court of Appeal has reached the identical conclusion less than a month ago (*SEC v. Rind*, 991 F.2d 1486, 1493 (9th Cir.1993)), thus further supporting the decision reached by this Court.